IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 6:04cr70047-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| QUENTIN L. JONES, | ) | By: Norman K. Moon |
|     Petitioner. | ) | United States District Judge |

    Petitioner Quentin L. Jones, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging his 180-month sentence for possession with intent to distribute cocaine base. Jones claims that the court should not have designated him as a career offender, and asks for a resentencing. Jones argues that his petition is timely due to the recent Supreme Court decisions in *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013) and *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013). The government has filed a motion to dismiss, and the time period for Jones to respond has expired, thus, this matter is ripe for consideration. I conclude that Jones's petition is untimely filed. Therefore, I will grant the government's motion to dismiss.

I.

    On April 21, 2004, Jones was charged in a one-count indictment handed down by a federal grand jury sitting in Roanoke, Virginia. The indictment alleged that on December 10, 2003, Jones possessed with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). A plea agreement was filed with the court pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and was fully endorsed by Jones, his counsel, and the Assistant United States Attorney. The plea agreement indicated that there was a mandatory minimum sentence of ten years imprisonment. On September 7, 2004, I conducted

Jones's plea hearing, advised him of the nature and possible consequences of pleading guilty, and accepted his plea of guilty.

On May 24, 2005, I conducted Jones's sentencing hearing. I accepted the presentence report ("PSR") and the parties did not object. The PSR found that Jones had a total offense level of 34 and a criminal history category of VI. The PSR further found that Jones had a total of 18 criminal history points and qualified as a career offender pursuant to U.S.S.G § 4B1.1.[1] Jones's status as a career offender was based on two previous felony convictions: (1) breaking and entering, and (2) distribution of cocaine base. Based on his offense level and criminal history category, the guideline range for imprisonment was 262 to 327 months. On May 24, 2005 I imposed a sentence of 180 months of imprisonment. Jones did not appeal.

## II.

Jones filed his § 2255 motion on July 11, 2013, claiming that his status as a career offender was improper in light of the Supreme Court decisions in *Alleyne* and *Descamps*.[2] The government argues that Jones's claim is untimely.

A federal prisoner must file his § 2255 petition within one year of the latest of four dates:

---

[1] United States Sentencing Guidelines § 4B1.1 defines career offender, as follows:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
>
> (b) Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

[2] Specifically, Jones argues that "juvenile . . . convictions . . . cannot be taken [in]to consideration" for career offender status." He further claims that the breaking and entering conviction was not a proper basis for his career offender designation as it was "not a violent charge" and was in the daytime when "no one was home." He also references the Armed Career Criminal Act, 18 U.S.C. § 924(e), ("ACCA") and asserts that "a firearm charge does not directly constitute a violent crimes felony." I note that Jones was not sentenced under the ACCA.

2

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)—(4). Jones argues that his petition is timely under subsection (f)(3), based on the Supreme Court's decisions in *Alleyne* and *Descamps*. For Jones's petition to be timely under *Alleyne* and *Descamps*, he must show that (1) the Supreme Court recognized a new right or rule, (2) it has been made retroactively applicable to cases on collateral review, and (3) he filed his petition within one year of the date on which the Supreme Court recognized the right or rule. *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (citing § 2255(f)(3)). As discussed below, the Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted by Jones. Accordingly, Jones's petition is untimely filed.

   A. *Alleyne*

In *Alleyne,* the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury. 133 S.Ct. at 2156. However, that holding has not been made retroactively applicable to cases on collateral review. *See, e.g., United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (noting that "*Alleyne* has not been made retroactively applicable to cases on collateral review"); *Oscar v. United States*, No. 2:93cr131, 2015 U.S. Dist. LEXIS 1602, at *4, 2015 WL 104727, at *2 (E.D. Va. Jan. 6, 2015); *Williams v. United States*, No. 4:09cr39, 2014 U.S. Dist. LEXIS 15872, at *19, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014).

3

Moreover, *Alleyne* does not apply to the instant case. Jones pleaded guilty to facts subjecting him to a ten-year mandatory minimum sentence and a statutory maximum sentence of life. To the extent Jones claims that a jury should have determined whether his prior felony convictions qualified him as a career offender, this argument has no merit. It is not required that a jury determines whether a defendant has a qualifying felony conviction. In *Apprendi v. New Jersey* the Supreme Court specifically stated, "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000) (emphasis added). Indeed, the Supreme Court noted in *Alleyne* that its ruling did not "mean that any fact that influences judicial discretion must be found by a jury." 133 S. Ct. at 2163.

**B.** *Descamps*

The Armed Career Criminal Act ("ACCA") "increases the sentences of certain federal defendants who have thee prior convictions for a 'violent felony.' " *Descamps*, 133 S. Ct. at 2281. In *Descamps*, the Supreme Court addressed how to determine whether a prior conviction is a "violent felony" under the ACCA. *Id.* at 2293. The decision in *Descamps* does not apply here, however, as Jones was sentenced as a career offender under the United States sentencing guidelines, not the ACCA. Moreover, the decision in *Descamps* is not retroactively applicable to cases on collateral review. *See, e.g., In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) ("*Descamps* did not announce that its holding applied retroactively to cases on collateral review."); *United States v. McCloud*, No. 1:01cr14, 2014 U.S. Dist. LEXIS 48070, at *5, 2014 WL 1370333, at *2 (W.D. Va. Apr. 8, 2014); *United States v. Davis*, No. 13 C 50360, 2014 U.S. Dist. LEXIS 34879, at *12, 2014 WL 1047760, at *5 (N.D. Ill. Mar. 18, 2014).

Accordingly, neither *Alleyne* nor *Descamps* provides the starting point for calculating the statutory filing period in Jones's case. The one-year clock for Jones to file his § 2255 petition began to run on June 8, 2005, the date on which the judgment of his conviction became final. Jones's petition is untimely because he filed it more than eight years later, on July 11, 2013.

### III.

For the reasons stated herein, I will grant the government's motion to dismiss.

**ENTER:** This  15th  day of April, 2015.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

5

Case 6:04-cr-70047-NKM-RSB   Document 89   Filed 04/15/15   Page 5 of 5   Pageid#: 211